# EXHIBIT B

THE BRANDI LAW FIRM
THOMAS J. BRANDI, #53208
TERENCE D. EDWARDS, #168095
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801

Attorneys for Plaintiffs

FILED
San Francisco County Superior Court
DEC 26 2017
CLERK OF THE COURT
BY: _____ Deputy Clerk

COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SHERI ROSALIA and TANYA GOODRICH on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC., and DOES 1 THROUGH 10<br><br>Defendants. | Case No. CGC-17-563342<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>**DEMAND FOR JURY TRIAL** |

BY FAX

Plaintiffs identified below (collectively, "Plaintiffs"), individually, and on behalf of the Classes defined below of similarly situated persons, file this Class Action Complaint. Plaintiffs file suit against Apple, Inc. and DOES 1 and through ("Defendants").

**I.   NATURE OF THE ACTION**

1.   Plaintiffs and Class Members have owned numerous versions of the iPhone including the 4, 5, 6, 7 as well as the "S" and "+" variants thereof.

2.   Plaintiffs and Class Members have noticed that their older iPhone models slow

---
1
COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION (CLASS ACTION SOUGHT)

1  down when new models come out.

2  3.  On December 20, 2017, Defendants admitted to purposefully slowing down older
3  iPhone models.

4  4.  Plaintiffs and Class Members never consented to allow Defendants to slow their
5  iPhones.

6  5.  As a result of Defendants' wrongful actions, Plaintiffs and Class Members had their
7  phone slowed down, and thereby it interfered with Plaintiffs' and Class Members' use or
8  possession of their iPhones, Plaintiffs and Class Members have otherwise suffered damages.

9  **II.   THE PARTIES**

10  6.  Plaintiff SHERI ROSALIA is a California citizen residing in San Diego, California.

11  7.  Plaintiff TANYA GOODRICH is a California citizen residing in the City and
12  County of San Francisco, California.

13  8.  Plaintiffs bring this action on their own behalf and on behalf of all others similarly
14  situated, namely all other individuals who have owned iPhone models prior to iPhone 8.

15  9.  Upon information and belief, Defendant Apple is a corporation organized and
16  existing under the laws of the State of California with its principal place of business at 1 Infinite
17  Loop, Cupertino, California and is engaged in continuous and significant business in the City and
18  County of San Francisco consisting of, among other things, retail operations, advertising,
19  marketing, and distribution activities.

20  10.  Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as
21  DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.
22  Plaintiffs will amend this Complaint to allege their true names and capacities when the same are
23  ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously
24  named Defendants are responsible in some manner for the occurrences and acts alleged herein, and

that Plaintiffs damages alleged herein were proximately caused by these Defendants. When used herein, the term "Defendants" is inclusive of DOES 1 through 10.

11. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this case, pursuant to the California Constitution, Article VI, section 10, because this case is not given by statute to any other trial courts.

13. Plaintiffs allege, upon information and belief, that each of the Defendants conduct professional and commercial activities in California on a substantial, continuous, and systematic basis and therefore each of the Defendants are subject to the general jurisdiction of the courts of this state.

14. Plaintiffs further allege, upon information and belief that the claims asserted in this complaint arise out of or are related to each of the Defendants' professional and commercial activities within California, and therefore each of the Defendants are subject to the specific jurisdiction of the courts of this state.

15. The damages and/or compensation Plaintiffs seek are well in excess of this Court's jurisdictional limit.

16. Federal jurisdiction does not exist, because, although the aggregate amount in controversy is believed to exceed $5 million, there is no minimum diversity among the parties since Defendants and, by definition, all of the Class Members, are California residents.

17. Venue is proper in this judicial district because the claims asserted in this complaint arise out of acts, transactions, and conduct that occurred within the County of San Francisco,

3
COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION (CLASS ACTION SOUGHT)

California.

## IV.   SUBSTANTIVE ALLEGATIONS

18. The iPhone is an internet and multimedia-enabled "smartphone" designed and marketed by Apple. Apple introduced the original iPhone for sale in the United States in or about June 2007. Since then, Apple has introduced a succession of new models of the iPhone, including all of the iPhones that are the subject of this litigation.

19. Each year, Apple, like its competitors, must find ways to encourage prospective customers to purchase the latest model of its product. Plaintiffs are informed and believe that persuading consumers to replace their existing devices with new ones becomes more difficult as consumers become familiar with iPhone technology and more difficult to impress with new features. Plaintiffs are also informed and believe that consumers, including themselves, will purchase a new smartphone if they perceive problems with the performance of their current device.

20. Plaintiffs noticed after Apple updated its operating system that their phone would operate more slowly, have diminished battery life, and shut off unexpectedly.

21. Plaintiffs are informed and believe that Apple was aware of a defect older models of the iPhone and not only failed to disclose what it knew, but made deliberately misleading statements that were intended to conceal the nature and scope of that defect.

22. In or about November 2016, Apple announced that a "very small number" of iPhones (specifically, the iPhone 6S and iPhone 6S Plus) whereby a problem that caused those devices to shut down, suddenly and unexpectedly, "for no apparent reason." In actuality, Apple knew that the lithium-ion batteries that it installed in iPhones were causing the devices to shut down unexpected, notwithstanding that their battery levels were at as much as 60 percent when the shut-down occurred.

23. Despite claiming that the shutdowns were occurring for "no apparent reason," Apple

also announced that it had initiated a battery-replacement program that was limited to the iPhone 6S and the iPhone 6S Plus, and that neither the shutdown problem nor the battery-replacement program would serve to extend the applicable warranty.

24. Plaintiffs are informed and believe that Apple's announcement was misleading and that Apple knew it was misleading at the time it made the announcement in November 2016. Apple admitted publicly that a "small number of customers outside the range [(*i.e.*, iPhones other than the 6S and the 6S Plus)] have also reported a shutdown." *See* Jeff John Roberts, "Why It's Time for Apple to Come Clean About the iPhone Battery," Fortune (Dec. 27, 2016) (available online at http://fortune.com/2016/12/27/apple-iphone-6-battery-problem/). Apple went on to claim, however that "[s]ome of these shutdowns can occur under normal conditions for the iPhone to protect its electronics." *Id.*

25. Plaintiffs are informed and believe that these statements were deliberately misleading as well. In actuality, the lithium-ion batteries in all iPhones cause them to operate erratically and to shut down the device unexpectedly due to the batteries' inability to handle the demand created by processor speeds (the "battery defect").

26. Rather than curing the battery defect by providing a free battery replacement for all iPhones, Apple sought to mask the battery defect by modifying the iPhone operating system ("iOS") so that it reduces iPhones' processing speeds in an effort to prevent their batteries from causing erratic operation and unexpected shutdowns.

27. But modifying iOS not only allowed Apple to conceal the true nature and scope of the battery defect and to avoid expending time, money, and effort on correcting it, Apple's decision to modify iOS instead had an added benefit to Apple: the modified iOS would slow the performance of iPhones, which would serve to compel consumers to replace them with new iPhones.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION (CLASS ACTION SOUGHT)

28.     Recently, Apple recently admitted that it modified iOS in a manner that slowed the performance of iPhones, but characterized this effort as a "feature":

> Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.
>
> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.

Shara Tibiken, "Apple admits slowing older iPhones, says it's to prevent battery issues," *C/Net* (Dec. 20, 2017) (available online at https://www.cnet.com/news/appleslows-down-older-iphone-battery-issues/#ftag=CAD-09-10aai5b).

29     "The statement from Apple came in response to a report from earlier this week from Primate Labs, the company behind the Geekbench processor benchmark software. John Pool, the founder of the organization, said ". . . that processors in iPhones slow down and decrease in performance as batteries age and lose capacity. Poole explained that users expect their phones to perform the same regardless of how old the battery is, but his tests indicated that wasn't the case." *Id.*

30.     Plaintiffs have brought this action on behalf of themselves and all others similarly situated to require Apple (a) to modify iOS in a manner that prevents it from slowing the performance of iPhones; (b) to provide owners of iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; (c) reimburse current owners of iPhones with the purchase price they paid for those devices after Apple knew, but failed to disclose, the existence of the battery defect and the slow performance caused by the iOS modification; (d) to compensate current and form owners of iPhones for the costs they incurred in attempting to repair or replace their iPhones due to the battery defect and/or the slow performance caused by the iOS

modification; (d) to provide current owners of iPhones with new batteries for those devices free of charge; and (e) to compensate former owners of iPhones for the cost of replacing those devices prematurely or, alternatively, to provide former owners with the opportunity to return their replacement iPhones in exchange for a refund together with the model of iPhone (with a new battery) that they owned prior to replacing that device.

31. Plaintiffs and Class Members have used Apple iPhones for a number of years.

32. Defendants allege that its battery may retain up to 80 percent of their original capacity at 500 complete charge cycles.

33. Defendants allege that it slows down iPhone processors when the battery is wearing out.

34. Defendants never requested consent or did Plaintiffs at any time give consent for Defendants to slow down their iPhones.

35. Plaintiffs and Class Members were never given the option to bargain or choose whether they preferred to have their iPhones slower than normal.

36. Plaintiffs and Class Members suffered interferences to their iPhone usage due to the intentional slowdowns caused by Defendants.

37. Defendants' wrongful actions directly and proximately caused the interference and loss of value to Plaintiffs and Class Members' iPhones causing them to suffer, and continue to suffer, economic damages and other harm for which they are entitled to compensation, including:

    a. Replacement of old phone;

    b. Loss of use;

    c. Loss of value;

    d. Purchase of new batteries;

    e. Ascertainable losses in the form of deprivation of the value of their iPhone;

    f.    Overpayments to Defendants for iPhones in that a portion of the price paid for such iPhone by Plaintiffs and Class Members to Defendants were for Defendants to purposefully not interfere with the usage of their iPhones, which Defendants and its affiliates purposefully interfered in order to slow down its performance and, as a result, Plaintiffs and Class Members did not receive what they paid for and were overcharged by Defendants.

## V.   CLASS ACTION ALLEGATIONS

38.    Pursuant to California Code of Civil Procedure section 382, Plaintiffs bring this class action on their own behalf and as representatives of the class. Plaintiffs seek certification of a class consisting of California residents who have purchased iPhones that operate on Apple's iOS operating system older than the iPhone 8 and iPhone X within the period permitted by the applicable statutes of limitations for the causes of action discussed below.

39.    Excluded from each of the above Classes are Defendants, including any entity in which Defendants have a controlling interest, is a parent or subsidiary, or which is controlled by Defendants, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants. Also excluded are the judges and court personnel in this case and any members of their immediate families. Plaintiffs reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

40.    The class representative's claims are typical of the claims of the members of the class because the class representative and all other members of the class were damaged by the same wrongful conduct committed by Defendants, as alleged more fully below.

41.    Moreover, the class representative's claims are typical because the class representative and all other members of the class each own an indivisible interest in the property at

issue here.

42. Plaintiffs will fairly and adequately protect the interests of the class. The interests of the class representative are coincident with, and not antagonistic to, the interests of the other members of the class.

43. The class representatives have retained counsel competent and experienced in the prosecution of class action litigation.

44. Questions of law and fact common to the members of the class are central here and predominate over questions that may affect only individual members. Among the questions of law and fact common to the class are:

    a. Whether Apple violated Business & Professions Code section 17200 by engaging in an "unlawful" business practice;

    b. Whether Apple violated Business & Professions Code section 17200 by engaging in a "fraudulent" business practice when it deceived customers regarding its iOS updates;

    c. Whether Apple violated Business & Professions Code section 17200 by engaging in an "unfair" business practice by intentionally degrading the performance of Plaintiffs' iOS devices;

    d. Whether Apple violated Business & Professions Code section 17500, *et seq.* through false and misleading advertising in the State of California regarding performance of its iOS devices; and

    e. Whether Apple's conducted violated the other provisions of statutory and common law outlined in this complaint

45. Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied.

///

### FIRST CAUSE OF ACTION
**(Unlawful, Fraudulent, and Unfair Business Practices
in Violation of the Unfair Competition Law)
(Against All Defendants)**

46. Plaintiffs reallege and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

47. By committing the acts and practices alleged herein, Apple has engaged in unlawful, fraudulent, and unfair business practices in violation of the UCL:

   a. Unlawful Conduct: As a result of engaging in the conduct alleged in this Complaint, Apple has violated the UCL's proscription against engaging in unlawful conduct by virtue of: (i) its fraudulent and deceitful conduct in violation of California Civil Code sections 1709 through 1711; and (ii) its violations of the Consumers Legal Remedies Act, California Civil Code sections 1770(a)(5), (a)(7), and (a)(9).

   b. Fraudulent Conduct: Apple has violated the UCL's proscription against fraud as a result of engaging in the fraudulent and deceitful conduct herein throughout this Complaint.

   c. Unfair Conduct: Apple has violated the UCL's proscription against unfair conduct as a result of engaging in the conduct alleged in this Complaint, which violates legislatively-declared policies articulated in, *inter alia*, California Civil Code sections 1710, 1711, and 1770, subsections (a)(5), (a)(7), and (a)(9).

48. Apple's violations of the UCL continue to this day. As a direct and proximate result of Apple's violations of the UCL, Plaintiffs have suffered actual damage in that, *inter alia*, they paid more for their iPhones than they would have had Apple not concealed the existence of the battery defect and the effects of its modification of iOS.

49. Pursuant to Section 17203 of the UCL, Plaintiffs and the class seek an order that requires Apple (a) to modify iOS in a manner that prevents it from slowing the performance of iPhones; (b) to provide owners of iPhones with notice that the slow performance of those devices is

caused by modifications Apple made to iOS; (c) reimburse current owners of iPhones with the purchase price they paid for those devices after Apple knew, but failed to disclose, the existence of the battery defect and the slow performance caused by the iOS modification; (d) to provide current owners of iPhones with new batteries for those devices free of charge; (e) to make full restitution of all moneys wrongfully obtained from its violations of the UCL, as alleged in this Complaint; and (f) requires Apple to pay the attorney fees and costs incurred by counsel for Plaintiffs and the proposed class in accordance with California Code of Civil Procedure section 1021.5.

## SECOND CAUSE OF ACTION
### (Unfair and Deceptive Acts and Practices in Violation of the Consumers Legal Remedies Act)
### (Against All Defendants)

50. Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

51. This claim for relief is brought pursuant to the CLRA. Plaintiffs and members of the class are "consumers," as that term is defined by Civil Code section 1761(d) because they bought iPhones for personal, family, or household purposes.

52. Plaintiffs and Class Members have engaged in a "transaction" with Apple, as that term is defined by Civil Code section 1761(e).

53. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purposes of the CLRA, and were undertaken by Apple in transactions intended to result in, and which resulted in, the sale of goods to consumers; namely, to sell replacement batteries, repair services, and/or replacement devices for their iPhones.

54. By engaging in the conduct described herein, Apple has violated subdivisions (a)(5), (a)(7), and (a)(9) of California Civil Code section 1770 by, *inter alia*, misrepresenting and concealing the true nature and scope of the battery defect and that the modification of iOS would cause iPhones to perform slowly and erratically and not disclosing those facts to Plaintiffs and

1  members of the proposed class before they bore the cost of purchasing a replacement device for their iPhone, purchasing a new iPhone, and/or purchasing replacement parts and/or repair services as a result of the battery defect or the iOS modification.

55. By concealing the battery defect and the iOS modification from Plaintiffs and members of the proposed class, Apple has represented, and continues to represent, that iPhones have characteristics, uses and benefits, or qualities that they do not have, and that they are of a particular standard, quality, or grade, when they are not, in violation of Civil Code section 1770, subsections (a)(5) and (a)(7).

56. By engaging in the conduct alleged herein, above, Apple has also advertised, and continues to advertise, goods with the intent not to sell them as advertised, in violation of California Civil Code section 1770(a)(9).

57. Pursuant to Section 1782 of the CLRA, Plaintiffs have sent written notice to Apple by certified mail regarding its violations of the CLRA, thereby providing Apple with an opportunity to correct or otherwise rectify the problems alleged herein within 30 days of receipt of that notice.

58. Unless Apple agrees to correct, repair, replace, or otherwise rectify the problems created by Apple's conduct as alleged herein, Plaintiffs will amend this Complaint to seek an order awarding actual damages and, because Apple engaged in the conduct alleged herein deliberately and with willful and malicious intent, punitive damages.

59. Plaintiff now seeks an order requiring Apple to (a) cease violating the CLRA by modifying iOS in a manner that prevents it from slowing the performance of iPhones; (b) to provide owners of iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; and (c) to provide current owners of iPhones with new batteries for those devices free of charge.

///

### THIRD CAUSE OF ACTION
**Breach of Implied Contract**
**(Against All Defendants)**

60. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

61. Defendants solicited and invited Plaintiffs and the members of the Class to buy new iPhones. Plaintiffs and Class Members accepted Defendants' offers and bought iPhones from Defendants.

62. When Plaintiffs and Class Members bought iPhones from Defendants, they paid for their iPhones. In so doing, Plaintiffs and Class Members entered into implied contracts with Defendants to which Defendants agreed to not purposefully interfere with Plaintiffs and Class Members' usage or speed of the device.

63. Each purchase made with Defendants by Plaintiffs and Class Members was made pursuant to the mutually agreed-upon implied contract with Defendants under which Defendants agreed to not purposefully interfere with Plaintiffs and Class Members' usage or value of their iPhones.

64. Plaintiffs and Class Members would not have bought iPhones from Defendants in the absence of the implied contract between them and Defendant.

65. Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendants.

66. Defendants breached the implied contracts it made with Plaintiffs and Class Members by purposefully slowing down older iPhone models when new models come out and by failing to properly disclose that at the time of that the parties entered into an agreement.

67. As a direct and proximate result of Defendants' breaches of the implied contracts between Defendants and Plaintiffs and Class Members, Plaintiffs and Class Members sustained

actual losses and damages as described in detail above.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief in this Complaint as follows:

1.  For an order certifying that the action may be maintained as a class action, on behalf of the proposed class and any other subclass(es) the Court may deem appropriate and appointing Plaintiffs as class representatives;

2.  For an award of monetary damages, including but not limited to, compensatory, incidental and consequential damages commensurate with proof at trial for the acts complained of herein;

3.  For an award of punitive damages in an amount consistent with applicable statutes and precedent for those causes of action that permit such recovery;

4.  For an order pursuant to California Civil Code section 1780(a)(2) requiring Apple to (a) provide owners of iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; (b) modify iOS in a manner that prevents it from slowing the performance of iPhones; and (c) provide current owners of iPhones with new batteries for those devices free of charge;

5.  For an order awarding attorney fees and costs pursuant to California Civil Code section 1780(e);

6.  For an order that requires Apple (a) to modify iOS in a manner that prevents it from slowing the performance of iPhones; (b) to provide owners of iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; (c) reimburse current owners of iPhones with the purchase price they paid for those devices after Apple knew, but failed to disclose, the existence of the battery defect and the slow performance caused by the iOS

modification; (d) to provide current owners of iPhones with new batteries for those devices free of charge; (e) to make full restitution of all moneys wrongfully obtained from its violations of the UCL, as alleged in this Complaint; and (f) requires Apple to pay the attorney fees and costs incurred by counsel for Plaintiff and the proposed class in accordance with California Code of Civil Procedure section 1021.5.

7. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

8. For an award of attorney fees, where applicable;

9. For an award of costs;

10. For an award of pre- and post-judgment interest on any amounts awarded; and

11. For any and all other relief the Court deems just and appropriate.

DATED: December 22, 2017                THE BRANDI LAW FIRM

                                        BY: _____
                                        TERENCE D. EDWARDS
                                        Attorney for Plaintiffs

### DEMAND FOR JURY TRIAL

Based on the foregoing, Plaintiffs, on behalf of themselves, and all others similarly situated, hereby demand a jury trial for all claims so triable.

DATED: December 22, 2017                THE BRANDI LAW FIRM

                                        BY: _____
                                        TERENCE D. EDWARDS
                                        Attorney for Plaintiffs

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION (CLASS ACTION SOUGHT)