EXHIBIT D

THE BRANDI LAW FIRM
THOMAS J. BRANDI, #53208
TERENCE D. EDWARDS, #168095
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801

THE LAW OFFICES OF ANDREW J. BROWN
ANDREW J. BROWN, #160562
501 W. Broadway, Ste. 1490
San Diego, CA 92101
Telephone: (619) 501-6550
andrewb@thebrownlawfirm.com

Attorneys for Plaintiffs

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**02/07/2018**
Clerk of the Court
BY:CAROL BALISTRERI
Deputy Clerk

COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SHERI ROSALIA and TANYA GOODRICH on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC., and DOES 1 THROUGH 10<br><br>Defendants. | Case No.: CGC-17-563342<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>*Complaint Filed: December 26, 2017* |

Plaintiffs identified below (collectively, "Plaintiffs"), individually, and on behalf of the Classes defined below of similarly situated persons, file this Class Action Complaint. Plaintiffs file suit against Apple, Inc. and DOES 1 and through 10 ("Defendants").

## I.      NATURE OF THE ACTION

1.      Numerous versions of the Apple iPhone suffer from a design defect: the processor sometimes demands too much power from the battery, and it causes the iPhone to shut down without warning. This defect was a hidden defect, and not disclosed to purchasers.

2.      To address the hidden defect, Apple issued "updates" to the operating system (the "iOS") that slowed the processor (called "throttling"). Again, Apple did not disclose to iPhone owners that the updates would have the effect of slowing their iPhones. Frequently these "updates" occurred prior to the release of a new version of the iPhone.

3.      Plaintiffs and Class Members have purchased and updated numerous versions of the iPhone including the 4, 5, 6, 7 as well as the "S" and "+" variants thereof.

4.      Plaintiffs and Class Members have noticed that their older iPhone models slow down when new models come out.

5.      Plaintiffs and Class Members never consented to allow Defendants to slow their iPhones.

6.      As a result of Defendants' wrongful actions, Plaintiffs and Class Members unknowingly purchased defective iPhones, and then unknowingly had their phones throttled, thereby interfering with Plaintiffs' and Class Members' use or possession of their iPhones and causing them to purchase new batteries and/or new iPhones, and have otherwise been damaged.

///

///

///

## II.     THE PARTIES

7.      Plaintiff Sheri Rosalia is a California citizen residing in San Diego, California.

8.      Plaintiff Tanya Goodrich is a California citizen residing in the City and County of San Francisco, California.

9.      Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have purchased and/or owned iPhone models prior to iPhone 8.

10.      Upon information and belief, Defendant Apple is a corporation organized and existing under the laws of the State of California with its principal place of business at 1 Infinite Loop, Cupertino, California and is engaged in continuous and significant business in the City and County of San Francisco consisting of, among other things, retail operations, advertising, marketing, and distribution activities.

11.      Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when the same are ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences and acts alleged herein, and that Plaintiffs damages alleged herein were proximately caused by these Defendants.  When used herein, the term "Defendants" is inclusive of DOES 1 through 10.

12.      Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

///

///

- 3 -

### III.    JURISDICTION AND VENUE

13.    This Court has jurisdiction over the subject matter of this case, pursuant to the California Constitution, Article VI, section 10, because this case is not given by statute to any other trial courts.

14.    Plaintiffs allege, upon information and belief, that each of the Defendants conduct professional and commercial activities in California on a substantial, continuous, and systematic basis and therefore each of the Defendants are subject to the general jurisdiction of the courts of this state.

15.    Plaintiffs further allege, upon information and belief that the claims asserted in this complaint arise out of or are related to each of the Defendants' professional and commercial activities within California, and therefore each of the Defendants are subject to the specific jurisdiction of the courts of this state.

16.    The damages and/or compensation Plaintiffs seek are well in excess of this Court's jurisdictional limit.

17.    Federal jurisdiction does not exist, because, although the aggregate amount in controversy is believed to exceed $5 million, there is no minimum diversity among the parties since Defendants and, by definition, all of the Class Members, are California residents.

18.    Venue is proper in this judicial district because the claims asserted in this complaint arise out of acts, transactions, and conduct that occurred within the County of San Francisco, California.

### IV.    SUBSTANTIVE ALLEGATIONS

19.    The iPhone is a hugely popular internet and multimedia-enabled smartphone designed and marketed by Apple to consumers in California and throughout the world.  Apple introduced the original iPhone for sale in the United States in 2007, and since then has continually

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

"updated" the iPhone via software updates, and introduced newer, improved "versions" of the iPhone since that time.

20.     In order to compete effectively in the smartphone market and maintain its dominant market share, Apple must continually find ways to improve its iPhones and encourage prospective buyers to purchase the latest model.  Apple does this by adding new features, improving existing features, and improving performance of the devices themselves such as processing speeds and battery life.  Consumers also purchased new phones when they perceived problems with their existing phones, including battery degradation and slower processing speeds.

21.     Apple has generated huge profits over the years by selling newer versions of its iPhone.  For example, in Q4 2017 Apple reported revenue of more than $28 billion from more than 46 million iPhone sales.  This amount represents almost 55% of the Company's total revenue for the 4th Quarter 2017.

22.     Unfortunately, certain Apple iPhone versions suffered (and continue to suffer) from a design defect.  Under certain conditions, the battery is unable to support the demands of the processor.  When this occurs, it causes the iPhone to shut down without warning to the user.

23.     Apple sold its defective iPhones without disclosing this defect to Plaintiffs and the Class, and purchasers were completely unaware of it.

24.     In order to address this design flaw, Defendants did not redesign the iPhone.  Instead, Defendants caused Apple to issue operating system iOS "updates" to Apple iPhone customers.  However, they did so without notifying the customer of the true purpose of the update, and instead Apple claimed that the update would "fix bugs" and have other salutary effects to their iPhones.

25.     Unknown to users, Apple's iOS updates were a Trojan horse, carrying a "fix" for the design flaw that intentionally slowed the iPhone's processor speed – called "throttling" the

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

processor – in order to keep it from causing the iPhone to shut down.  But this so-called "fix" was not disclosed to consumers who accepted the update.

26.     These updates occurred at least between January 23, 2017 and December 13, 2017. These updates included iOS updates 10.2.1, 10.3, 10.3.1, 10.3.3 (the "iOS 10 Update") and iOS 11.0.1, 11.02, 11.03, 11.1.1, 11.1.2, 11.2, and 11.2.1 (the "iOS 11 Update").

27.     As a result, when consumers accepted the updates they were unknowingly allowing Apple to address the unknown iPhone defect by slowing the speed of their iPhones.  Completely unaware of what had happened, iPhone users including Plaintiffs and the Class noticed their phones operated more slowly.  Unaware of the design defect, Plaintiffs and the Class assumed the slower operating speed was attributable to something else, such as the age of their phone or degradation of their battery.  Consumers thus purchased new batteries, or completely new iPhones, in order to rectify the slower speeds.  Apple benefitted from this by selling new batteries and iPhones to consumers.

28.     For more than a year, Apple publicly denied any such problem existed in the iPhone design or that they were intentionally throttling the iPhones.

29.     Plaintiffs are informed and believe that Apple was aware of a defect in older models of the iPhone and not only failed to disclose what it knew, but made deliberately misleading statements that were intended to conceal the nature and scope of that defect.

30.     For example, in or about November 2016, Apple announced that a "very small number" of iPhones (specifically, a small number of the iPhone 6S and iPhone 6S Plus) suffered from a problem that caused those devices to shut down, suddenly and unexpectedly, "for no apparent reason."  In truth, Defendants knew that the lithium-ion batteries that were installed in Apple iPhones were causing the devices to shut down unexpectedly, notwithstanding that their battery levels were at as much as 60 percent when the shutdown occurred.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

31.     Despite claiming that the shutdowns were occurring for "no apparent reason", Apple also announced that it had initiated a battery-replacement program that was limited to the iPhone 6S and the iPhone 6S Plus, and that neither the shutdown problem nor the battery-replacement program would serve to extend the applicable warranty.

32.     Plaintiffs are informed and believe that Apple's announcement was misleading and that Apple knew it was misleading at the time it made the announcement in November 2016.  Apple admitted publicly that a "small number of customers outside the range (*i.e.*, iPhones other than the 6S and the 6S Plus) have also reported a shutdown."  *See* Jeff John Roberts, "Why It's Time for Apple to Come Clean About the iPhone Battery," *Fortune* (Dec. 27, 2016) (available online at http://fortune.com/2016/12/27/apple-iphone-6-battery-problem/).  Apple went on to admit, "[s]ome of these shutdowns can occur under normal conditions for the iPhone to protect its electronics."  *Id*.

33.     Plaintiffs are informed and believe that these additional statements were deliberately misleading half-truths as well.  In truth, the lithium-ion batteries in all iPhones cause them to operate erratically and to shut down the device unexpectedly due to the batteries' inability to handle the demand created by processor speeds.

34.     Rather than curing the battery defect by providing a free, defect-free battery replacement for all iPhones, Apple sought to mask the defect by modifying the iPhone operating system ("iOS") so that it reduces iPhones' processing speeds in an effort to prevent their batteries from causing erratic operation and unexpected shutdowns.

35.     But Defendants never disclosed that the updates they were sending would throttle the iPhones of the consumers who accepted the update.  Instead, Defendants represented to its customers that the iOS updates it was sending them were beneficial to their iPhones.

36.     For example, Defendants previously claimed that the iOS 10 operating system "make[s] everything you love about your iPhone and iPad even better."  Defendants also claimed, "in iOS 10, accessing the information you need is easier and quicker than ever."

37.     These statements were materially false and misleading, omitting key information including that Defendants were using the updates to throttle the iPhone processor, causing it to slow.

38.     Defendants repeatedly claimed each subsequent iOS update was beneficial to the user, and failed to inform the user that Defendants were using the updates to throttle the iPhones, including:

(a)     iOS 10.2.1 "includes bug fixes and improves the security of your iPhone . . ." and "improves power management during peak workloads to avoid unexpected shutdowns on iPhones;"

(b)     iOS 10.3.1 offered "new features" and improvements to various applications;

(c)     iOS 10.3.2 and 10.3.3 included "bug fixes" and improved "the security of your iPhone";

(d)     iOS 11.0.1, iOS 11.0.2 and iOS 11.0.3 included "bug fixes" and "improvements" to the iPhone; and

(e)     iOS 11.1, iOS 11.1.1, iOS 11.1.2, iOS 11.2, and iOS 11.2.1 include numerous "bug fixes" and other iPhone improvements.

39.     Defendants also made it difficult for Plaintiffs and the Class NOT to accept these updates.  Apple's update program "pushed" these updates to iPhone users, and if they did not accept the update immediately then they were repeatedly reminded to update their iPhones until the user relented and accepted the update.  And if Plaintiffs and class members never accepted the update, some applications for the iPhones would ultimately become unusable.

40.     Modifying iOS via "updates" not only allowed Apple to conceal the true nature and scope of the defect and to avoid expending time, money, and effort on correcting it.  Apple's decision to surreptitiously modify iOS had the added benefit to Apple that slowing the performance of iPhones served to incentivize consumers to replace them with new iPhones.

41.     Recently, Apple admitted that it modified iOS in a manner that slowed the performance of iPhones, but characterized this effort as a "feature":

> Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of their devices.  Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.

> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions.  We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.  Shara Tibiken, "Apple admits slowing older iPhones, says it's to prevent battery issues," *C/Net* (Dec. 20, 2017) (available online at https://www.cnet.com/news/appleslows-down-older-iphone-battery-issues/#ftag=CAD-09-10aai5b).

42.     "The statement from Apple came in response to a report from earlier this week from Primate Labs, the company behind the Geekbench processor benchmark software.  John Pool, the founder of the organization, said '. . . that processors in iPhones slow down and decrease in performance as batteries age and lose capacity'.  Poole explained that users expect their phones to perform the same regardless of how old the battery is, but his tests indicated that wasn't the case." *Id.*

43.     Since that time, Apple's CEO has publicly apologized for not informing Plaintiffs and the Class of the design defect, or the iOS updates that throttled their iPhones, and admitted:

> About a year ago in iOS 10.2.1, we delivered a software update that improves power management during peak workloads to avoid unexpected shutdowns on iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, and iPhone SE.  With the update, iOS

- 9 -

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

dynamically manages the maximum performance of some system components when needed to prevent a shutdown. While these changes may go unnoticed, in some cases users may experience longer launch times for apps and other reductions in performance.

44.     And Apple is now being investigated by the Federal Government for its disclosures concerning these updates that throttled Plaintiffs' and the Class Members' iPhones. More specifically, according to Bloomberg, the U.S. Department of Justice and the Securities and Exchange Commission are investigating whether Apple violated securities laws concerning its disclosures about the software updates that throttled iPhones. "Investigators are looking into public statements made by Apple on the situation." See, https://www.bloomberg.com/news/articles/2018-01-30/u-s-said-to-probe-apple-over-updates-that-slow-older-iphones-jd1yahj7.

45.     Plaintiffs now bring this action on behalf of themselves and all others similarly situated to require Apple: (a) to modify iOS in a manner that prevents it from slowing the performance of iPhones; (b) to provide owners of iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; (c) reimburse current owners of iPhones with the purchase price they paid for those devices after Apple knew, but failed to disclose, the existence of the battery defect and the slow performance caused by the iOS modification; (d) to compensate current and form owners of iPhones for the costs they incurred in attempting to repair or replace their iPhones due to the battery defect and/or the slow performance caused by the iOS modification; (e) to provide current owners of iPhones with new batteries for those devices free of charge; and (f) to compensate former owners of iPhones for the cost of replacing those devices prematurely or, alternatively, to provide former owners with the opportunity to return their replacement iPhones in exchange for a refund together with the model of iPhone (with a new battery) that they owned prior to replacing that device.

46.     Plaintiffs and Class Members have used Apple iPhones for a number of years.

47.    Defendants allege that its battery may retain up to 80 percent of their original capacity at 500 complete charge cycles.

48.    Defendants allege that it slows down iPhone processors when the battery is wearing out.

49.    Defendants never requested consent or did Plaintiffs at any time give consent for Defendants to slow down their iPhones.

50.    Plaintiffs and Class Members were never given the option to bargain or choose whether they preferred to have their iPhones slower than normal.

51.    Plaintiffs and Class Members suffered interferences to their iPhone usage due to the intentional slowdowns caused by Defendants.

52.    Defendants' wrongful actions directly and proximately caused the interference and loss of value to Plaintiffs' and Class Members' iPhones causing them to suffer, and continue to suffer, economic damages and other harm for which they are entitled to compensation, including:

(a)    Replacement of old phone;

(b)    Loss of use;

(c)    Loss of value;

(d)    Purchase of new batteries;

(e)    Ascertainable losses in the form of deprivation of the value of their iPhone; and

(f)    Overpayments to Defendants for iPhones in that a portion of the price paid for such iPhone by Plaintiffs and Class Members to Defendants were for Defendants to purposefully not interfere with the usage of their iPhones, which Defendants and its affiliates purposefully interfered in order to slow

down its performance and, as a result, Plaintiffs and Class Members did not

receive what they paid for and were overcharged by Defendants.

## V.    CLASS ACTION ALLEGATIONS

53.    Pursuant to California Code of Civil Procedure §382, Plaintiffs bring this class action on their own behalf and as representatives of the class.  Plaintiffs seek certification of a class consisting of California residents who have purchased iPhones that operate on Apple's iOS operating system older than the iPhone 8 and iPhone X, and within the period permitted by the applicable statutes of limitations for the causes of action discussed below.

54.    Excluded from each of the above Classes are Defendants, including any entity in which Defendants have a controlling interest, is a parent or subsidiary, or which is controlled by Defendants, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants.  Also excluded are the judges and court personnel in this case and any members of their immediate families.  Plaintiffs reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

55.    The class representatives' claims are typical of the claims of the members of the class because the class representatives and all other members of the class were damaged by the same wrongful conduct committed by Defendants, as alleged more fully below.

56.    Moreover, the class representatives' claims are typical because the class representatives and all other members of the class each own an indivisible interest in the property at issue here.

57.    Plaintiffs will fairly and adequately protect the interests of the class.  The interests of the class representatives are coincident with, and not antagonistic to, the interests of the other members of the class.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

58.    The class representatives have retained counsel competent and experienced in the prosecution of class action litigation.

59.    Questions of law and fact common to the members of the class are central here and predominate over questions that may affect only individual members.  Among the questions of law and fact common to the class are:

(a)    Whether Apple violated Business & Professions Code §17200 by engaging in an "unlawful" business practice;

(b)    Whether Apple violated Business & Professions Code §17200 by engaging in a "fraudulent" business practice when it deceived customers regarding its iOS updates;

(c)    Whether Apple violated Business & Professions Code §17200 by engaging in an "unfair" business practice by intentionally degrading the performance of Plaintiffs' iOS devices;

(d)    Whether Apple violated Business & Professions Code §17500, *et seq.* through false and misleading advertising in the State of California regarding performance of its iOS devices; and

(e)    Whether Apple's conducted violated the other provisions of statutory and common law outlined in this complaint

60.    Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

**FIRST CAUSE OF ACTION**
**(Unlawful, Fraudulent, and Unfair Business Practices**
**in Violation of the Unfair Competition Law)**
**(Against All Defendants)**

61.     Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

62.     By committing the acts and practices alleged herein, Apple has engaged in unlawful, fraudulent, and unfair business practices in violation of the UCL:

        (a)     Unlawful Conduct:  As a result of engaging in the conduct alleged in this Complaint, Apple has violated the UCL's proscription against engaging in unlawful conduct by virtue of:  (i) its fraudulent and deceitful conduct in violation of California Civil Code §§1709 through 1711; and (ii) its violations of the Consumers Legal Remedies Act, California Civil Code §§1770(a)(5), (a)(7), and (a)(9).

        (b)     Fraudulent Conduct:  Apple has violated the UCL's proscription against fraud as a result of engaging in the fraudulent and deceitful conduct herein throughout this Complaint.

        (c)     Unfair Conduct:  Apple has violated the UCL's proscription against unfair conduct as a result of engaging in the conduct alleged in this Complaint, which violates legislatively-declared policies articulated in, *inter alia*, California Civil Code §§1710, 1711, and 1770, subsections (a)(5), (a)(7), and (a)(9).

63.     Apple's violations of the UCL continue to this day.  As a direct and proximate result of Apple's violations of the UCL, Plaintiffs have suffered actual damage in that, *inter alia*, they paid more for their iPhones than they would have had Apple not concealed the existence of the battery defect and the effects of its modification of iOS.

64.     Pursuant to Section 17203 of the UCL, Plaintiffs and the class seek an order that requires Apple:  (a) to modify iOS in a manner that prevents it from slowing the performance of iPhones; (b) to provide owners of iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; (c) reimburse current owners of iPhones with the purchase price they paid for those devices after Apple knew, but failed to disclose, the existence of the battery defect and the slow performance caused by the iOS modification; (d) to provide current owners of iPhones with new batteries for those devices free of charge; (e) to make full restitution of all moneys wrongfully obtained from its violations of the UCL, as alleged in this Complaint; and (f) requires Apple to pay the attorney fees and costs incurred by counsel for Plaintiffs and the proposed class in accordance with California Code of Civil Procedure §1021.5.

## SECOND CAUSE OF ACTION
### (Unfair and Deceptive Acts and Practices
### in Violation of the Consumers Legal Remedies Act)
### (Against All Defendants)

65.     Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

66.     This claim for relief is brought pursuant to the CLRA.  Plaintiffs and members of the class are "consumers," as that term is defined by Civil Code §1761(d), because they bought iPhones for personal, family, or household purposes.

67.     Plaintiffs and Class Members have engaged in a "transaction" with Apple, as that term is defined by Civil Code §1761(e).

68.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purposes of the CLRA, and were undertaken by Apple in transactions intended to result in, and which resulted in, the sale of goods to consumers; namely, to sell replacement batteries, repair services, and/or replacement devices for their iPhones.

69.     By engaging in the conduct described herein, Apple has violated subdivisions (a)(5), (a)(7), and (a)(9) of California Civil Code §1770 by, *inter alia*, misrepresenting and concealing the true nature and scope of the battery defect and that the modification of iOS would cause iPhones to perform slowly and erratically and not disclosing those facts to Plaintiffs and members of the proposed class before they bore the cost of purchasing a replacement device for their iPhone, purchasing a new iPhone, and/or purchasing replacement parts and/or repair services as a result of the battery defect or the iOS modification.

70.     By concealing the battery defect and the iOS modification from Plaintiffs and members of the proposed class, Apple has represented, and continues to represent, that iPhones have characteristics, uses and benefits, or qualities that they do not have, and that they are of a particular standard, quality, or grade, when they are not, in violation of Civil Code §1770, subsections (a)(5) and (a)(7).

71.     By engaging in the conduct alleged herein, above, Apple has also advertised, and continues to advertise, goods with the intent not to sell them as advertised, in violation of California Civil Code §1770(a)(9).

72.     Pursuant to §1782 of the CLRA, more than thirty days prior to the filing of this Amended Complaint, Plaintiffs sent written notice to Apple by certified mail regarding its violations of the CLRA, thereby providing Apple with an opportunity to correct or otherwise rectify the problems alleged herein, but Apple declined to do so.

73.     Plaintiffs now seek an order requiring Apple to:  (a) cease violating the CLRA by modifying iOS in a manner that prevents it from slowing the performance of iPhones; (b) to provide owners of iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; and (c) to provide current owners of iPhones with new batteries for those devices free of charge.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

74.     Unless Apple agrees to correct, repair, replace, or otherwise rectify the problems created by Apple's conduct as alleged herein, Plaintiffs will amend this complaint to seek an order awarding actual damages and, because Apple engaged in the conduct alleged herein deliberately and with willful and malicious intent, punitive damages.

**THIRD CAUSE OF ACTION**
**(Breach of Implied Contract)**
**(Against All Defendants)**

75.     Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

76.     Defendants solicited and invited Plaintiffs and the members of the Class to buy new iPhones.  Plaintiffs and Class Members accepted Defendants' offers and bought iPhones from Defendants.

77.     When Plaintiffs and Class Members bought iPhones from Defendants, they paid for iPhones that were defect-free.  In so doing, Plaintiffs and Class Members entered into implied contracts with Defendants to which Defendants agreed to provide defect-free iPhones, and not to purposefully interfere with Plaintiffs and Class Members' usage or speed of the device.

78.     Plaintiffs and Class Members would not have bought iPhones from Defendants in the absence of the implied contract between them and Defendant.

79.     Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendants.

80.     Defendants breached the implied contracts it made with Plaintiffs and Class Members by purposefully selling them defective iPhones, and then by slowing down older iPhone models when new models come out, and by failing to properly disclose that at the time of that the parties entered into an agreement.

81.     As a direct and proximate result of Defendants' breaches of the implied contracts between Defendants and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages as described in detail above.

**FOURTH CAUSE OF ACTION**
**(Fraud by Intentional Misrepresentation and Omission)**
**(Against All Defendants)**

82.     Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

83.     Defendants, through Apple and its agents, employees and/or subsidiaries, made materially false representations and omissions to Plaintiffs and the Class that Apple iPhones did not suffer from a design defect, and that the updates to the iOS would benefit their iPhones.

84.     These material misrepresentations and omissions were contained in the Purchase Agreement and in various public statements by Defendants.  These and similar material misrepresentations and omissions were further reiterated and disseminated by Defendants in Apple's iOS updates which updates were sent to Plaintiffs and the Class.

85.     Defendants knew or recklessly disregarded the false and misleading nature of their material misrepresentations and omissions.

86.     Defendants made the materially false and misleading statements and omissions for the purpose of inducing Plaintiffs and the other members of the Class to purchase new batteries and iPhones, and to accept the iOS updates to their iPhones.

87.     In accepting the iOS updates, and in purchasing new batteries and iPhones, Plaintiffs and the Class reasonably relied on Defendants' materially misleading statements and omissions that Plaintiffs' iPhones were defect-free and that the iOS updates were for the benefit of the user.

88.     As a result of Defendants' materially false and misleading misrepresentations and omissions, Plaintiffs and the Class sustained damages as set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

**FIFTH CAUSE OF ACTION**
**(Fraud by Negligent Misrepresentation and Omission)**
**(Against All Defendants)**

89.     Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

90.     Defendants, through their agents, employees and/or subsidiaries, negligently and/or recklessly made materially false representations and omissions to Plaintiffs and the Class as alleged above.

91.     These material misrepresentations and omissions were contained in the Purchase Agreement and in various public statements by Defendants.  These and similar material misrepresentations and omissions were further reiterated and disseminated by Defendants in Apple's iOS updates which updates were sent to Plaintiffs and the Class.

92.     Defendants knew or should have known that the materially false and misleading statements and omissions would induce Plaintiffs and the other members of the Class to accept the iOS updates for their phones, and to purchase new batteries and newer versions of the iPhone.

93.     In accepting the iOS updates and purchasing new batteries and iPhones, Plaintiffs and the Class reasonably relied on Apple's materially misleading statements and omissions that their iPhones were operating properly and that the updates would only benefit – and not throttle – their iPhones.

94.     As a result of Apple's materially false and misleading misrepresentations and omissions, Plaintiffs and the Class sustained damage as set forth herein.

///

///

///

///

///

- 19 -

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief in this Complaint as follows:

A.    For an order certifying that the action may be maintained as a class action, on behalf of the proposed class and any other subclass(es) the Court may deem appropriate and appointing Plaintiffs as class representatives;

B.    For an award of monetary damages, including but not limited to, compensatory, incidental and consequential damages commensurate with proof at trial for the acts complained of herein;

C.    For an award of punitive damages in an amount consistent with applicable statutes and precedent for those causes of action that permit such recovery;

D.    For an order pursuant to California Civil Code §1780(a)(2) requiring Apple to:  (a) provide owners of iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; (b) modify iOS in a manner that prevents it from slowing the performance of iPhones; and (c) provide current owners of iPhones with new batteries for those devices free of charge;

E.    For an order awarding attorney fees and costs pursuant to California Civil Code §1780(e);

F.    For an order that requires Apple:  (a) to modify iOS in a manner that prevents it from slowing the performance of iPhones; (b) to provide owners of iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; (c) reimburse current owners of iPhones with the purchase price they paid for those devices after Apple knew, but failed to disclose, the existence of the battery defect and the slow performance caused by the iOS modification; (d) to provide current owners of iPhones with new batteries for those devices free of

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1  charge; (e) to make full restitution of all moneys wrongfully obtained from its violations of the

2  UCL, as alleged in this Complaint; and (f) requires Apple to pay the attorney fees and costs incurred

3  by counsel for Plaintiffs and the proposed class in accordance with California Code of Civil

4  Procedure §1021.5.

5       G.       For equitable relief requiring restitution and disgorgement of the revenues

6

7  wrongfully retained as a result of Defendants' wrongful conduct;

8       H.       For an award of attorney fees, where applicable;

9       I.       For an award of costs;

10      J.       For an award of pre- and post-judgment interest on any amounts awarded; and

11      K.       For any and all other relief the Court deems just and appropriate.

12

13  DATED: February  7, 2018                THE BRANDI LAW FIRM

14

15                                          _____
                                            TERENCE D. EDWARDS
16                                          Attorney for Plaintiff Goodrich

17

18  DATED: February __7, 2018               THE LAW OFFICES OF ANDREW J. BROWN

19

20

21                                          _____
                                            ANDREW J. BROWN
22                                          Attorney for Plaintiff Rosalia

23

24

25

26

27

28

- 21 -

1

## **DEMAND FOR JURY TRIAL**

2

Based on the foregoing, Plaintiffs, on behalf of themselves, and all others similarly situated,

3

hereby demand a jury trial for all claims so triable.

4

DATED: February  7, 2018                    THE BRANDI LAW FIRM

5

6

_____

7

TERENCE D. EDWARDS
Attorney for Plaintiff Goodrich

8

9

DATED: February      7, 2018          THE LAW OFFICES OF ANDREW J. BROWN

10

11

_____

12

ANDREW J. BROWN
Attorney for Plaintiff Rosalia

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION